United States District Court
District of Minnesota
Third Division

Tammy Karlgaard

Court File No. 00-CV-1174 DWF/AJB

Plaintiff,

v.

**ORDER**

Heyde Hospitality, Inc.,
d/b/a/ Park Inn and Suites, a
Wisconsin corporation,
and Patrick Adderley

Defendants

---

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on defendants' motion to disqualify plaintiff's counsel. Hearing was held on July 17, 2000, at 638 United States Courthouse, 316 N. Robert St., St Paul, MN. Jacqueline A. Mrachek Esq. appeared for defendants; Steven Andrew Smith, Esq. and James H. Kaster, Esq. appeared for plaintiff. Based on the file, motions, and argument of counsel, **IT IS HEREBY ORDERED THAT:**

1. Defendants' motion to disqualify plaintiff's counsel is **DENIED**.

2. J. Poage Anderson, Esq. is prohibited from taking any part in Nichols Kaster's representation of Ms. Karlgaard in this or any substantially related litigation.

Dated: 7/24/00

Arthur J. Boylan
United States Magistrate Judge

FILED JUL 24 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**MEMORANDUM**

Motions to disqualify counsel in this jurisdiction are governed by the Minnesota Rules of Professional Conduct. Olson v. Snap Products, Inc., 183 F.R.D. 539, 542 (D. Minn. 1998). MRPC 1.7 governs concurrent representation of different clients whose interests are adverse. It provides that a lawyer may not represent a client if that representation will be "directly adverse to another client," or will materially limit the lawyer's representation of another client. Id. MRPC 1.9 prohibits the representation of a client whose interests are adverse to the interests of a former client in the same or a "substantially related matter." Id. Since Nichols Kaster & Anderson (Nichols Kaster) has terminated its representation of Mike Nelson, there is currently no violation of MRPC 1.7. The Court must decide both whether Nichols Kaster violated MRPC 1.7, such that it must now be disqualified, when it concurrently represented both Mr. Nelson and Ms. Karlgaard, and whether MRPC 1.9 prevents Nichols Kaster from representing plaintiff given its previous representation of Mr. Nelson.

In general, motions for disqualification by opposing counsel are not favored, and must be closely scrutinized to prevent abuse. In Re Yarn Processing Patent Validity Litigation, 530 F.2d 83, 88 (5th Cir. 1976); Comment to MRPC 1.7. "Disqualification questions are intensely fact specific, and it is essential that the court approach such questions with a 'keen sense of practicality as well as a precise picture of the underlying facts.'" Beiter Co. v. Blomquist, 132 F.R.D. 220, 224 (quoting Huntington v. Great Western Resources, Inc., 655 F.Supp. 565, 567 (S.D.N.Y. 1987)). The burden of proving that the facts demand disqualification in this case rests squarely with the defendant. Olson v. Snap Products, Inc., 183 F.R.D. 539, 542 (D. Minn. 1998). Where "legitimate doubts" remain as to whether the contested representation is appropriate, the

Court must order disqualification. Id.

**MRPC 1.7**

The parties have not produced, nor has the Court discovered, a case with facts comparable to this one. When this occurs, the Court relies on the spirit of the rules and other relevant precedent. North Star Hotels Corp. v. Mid-City Hotel Assoc., 118 F.R.D. 109, 111 (D. Minn. 1987). When considering an alleged Rule 1.7 violation,

> the critical questions are the likelihood that a conflict will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client. Consideration should be given to whether the client wishes to accommodate the other interest involved....it is ordinarily not improper to assert [adverse] positions in cases pending in different trial courts...

Comment to MRPC 1.7. While Mr. Nelson and Ms. Karlgaard's interests are clearly adverse in this litigation, Nichols Kaster never found itself in court advocating adverse positions on behalf of its clients. While it is conceivable that such a conflict could have arisen had the dual representation continued, the Court finds that Nichols Kaster's prompt termination of its relationship with Mr. Nelson prevented any material interference with its representation of Ms. Karlgaard. The fact that both Ms. Karlgaard and Mr. Nelson have consented to Nichols Kaster's continued involvement in this case is also significant. The facts in this case demonstrate that Nichols Kaster's brief dual-representation, though not well advised, did not constitute a violation

of MRPC 1.7.

**MRPC 1.9**

To justify disqualification under MRPC 1.9, defendant must show both that an attorney-client relationship existed between Nichols Kaster and Mr. Nelson in a matter substantially related to the present case, and that "the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question." Comment to Minn. R.C.P. 1.9; See Beiter v. Bloomquist, 132 F.R.D. 220, 223 (D. Minn. 1987).

Nichols Kaster's previous representation of Mr. Nelson in a criminal misdemeanor case is unrelated to this litigation and therefore not relevant to this motion. Defendant seeks to disqualify the entire firm based on Mr. Anderson's communication with defendant regarding Mr. Nelson's termination. The Court presumes, irrebutably, that Anderson received confidences from Nelson. See Jenson v. Touche Ross & Co., 335 N.W.2d 720, 731 (Minn. 1983). As such, Anderson is disqualified from participating in this or any substantially related litigation. However, "disqualification of an entire firm for the disqualification of a single member or associate, is entirely too harsh and should be mitigated by appropriate screening...when truly unethical conduct has not taken place..." Kesselhaut v. United States, 555 F. 2d 791, 793 (Ct. Cl. 1977).

Defendant has not alleged, nor does the Court find, any evidence of unethical conduct on the part of Nichols Kaster. As soon as the firm learned of the conflict, it terminated its representation of Mr. Nelson; it sent Mr. Nelson's employment file to him without examining it; Mr. Anderson did not discuss the case with either Mr. Nichols or Mr. Smith, beyond a brief meeting to discuss defendant's concerns about a conflict; Nichols Kaster has retained outside

counsel for any examination of Mr. Nelson; both Ms. Karlgaard and Mr. Nelson have consented to Nichols Kaster's continued representation of Ms. Karlgaard. These facts rebut the presumption that the confidences Anderson received were conveyed to his affiliates. See Jenson, 335 N.W.2d at 731.

The Court understand's defendant's concerns regarding a future revelation of conflict, and the difficulties that would entail. However, while Mr. Anderson is not eligible to take part in this litigation, the facts before the Court do not justify disqualification of the entire firm.

Exercising its discretion to weigh the competing equities in this case, the Court concludes that it must deny defendant's motion in order to preserve the "'balance between the need to ensure ethical conduct on the part of lawyers...and other social interests,'" including judicial economy, economic hardship, and a litigant's "'right to freely chosen counsel,'" with the proviso that Mr. Anderson must continue to be screened from this and all substantially related litigation. Jenson v. Touche Ross & Co., 335 N.W.2d 720, 732 (Minn. 1983) (quoting Woods v. Covington Cty. Bank, 537 F.2d 804, 810 (5th Cir. 1976).