UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

---

Tammy Karlgaard,

Plaintiff,

v.

Heyde Hospitality, Inc.,
d/b/a Park Inn and Suites,
a Wisconsin corporation,
and Patrick Adderley,

Defendants.

Civil No. 00-1174 DWF/AJB

**ORDER**

---

The above matter came before the Court on Plaintiff's Motion to Amend Complaint to Allege Punitive Damages on Plaintiff's Assault and Battery Claims. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motion is **granted in part and denied in part** [Docket No. 24];

2. Plaintiff may amend her complaint, with respect to the claims of Assault and Battery, to demand punitive damages against Defendant Patrick Adderley;

3. Plaintiff may not amend her complaint, with respect to the claims of Assault and Battery, to demand punitive damages against Defendant Heyde Hospitality.

Dated: 12/5/00

Arthur J. Boylan
United States Magistrate Judge

FILED DEC 05 2000
RICHARD D. SLETTEN, CLERK

**MEMORANDUM**

Counsel for Defendant Patrick Adderley appeared at the hearing on this matter and presented no objection to amending the complaint against Defendant Adderley. Thus, the narrow issue is whether Plaintiff may add a demand for punitive damages on her assault and battery claim against Heyde Hospitality, Inc. ("Heyde").

A motion for leave to amend to demand punitive damages "must allege the applicable legal basis under [MINN. STAT. § 549.20] or other law for awarding punitive damages in the action and must be accompanied by one or more affidavits showing the factual basis for the claim." MINN. STAT. § 549.191.

The following facts have been provided in affidavit form. Plaintiff was a bartender/server for Player's Bar, owned by Heyde. In June of 1999, Plaintiff was subjected to an assault and battery at the hands of Patrick Adderley, a bar bouncer and shift manager. Mike Nelson, another manager, saw the assault and battery and did nothing. Afterwards, she asked Mr. Nelson for help in keeping Mr. Adderley away, however, Mr. Nelson ignored this request. Lastly, later in the same evening, Mr. Adderley subjected Plaintiff to a second assault and battery.

Insofar as her motion relates to Heyde, Plaintiff does not provide an appropriate legal basis for demanding punitive damages under the Assault and Battery Count. First, Plaintiff discusses MINN. STAT. § 549.20, subdivision 1, which provides that punitive damages can be assessed against a defendant where the defendant shows deliberate disregard for the rights and safety of others. However, subdivision 1 contemplates the assessment of punitive damages for a defendant's own conduct. Plaintiff's motion is limited to the Assault and Battery Count, which does not directly implicate Heyde's own

conduct—unlike, for example, charges such as sexual harassment, negligent hiring or negligent retention, which directly implicate an employer's conduct. Therefore, MINN. STAT. § 549.20, subdivision 1, does not provides a basis for alleging punitive damages under the Assault and Battery Count. See Marston v. Minneapolis Clinic of Psychiatry and Neurology, Ltd., 329 N.W.2d 306, 312 (Minn. 1982) (concluding that, upon remand, there was no basis for assessing punitive damages directly where the case was to proceed only on a respondeat superior theory).

Plaintiff suggests that MINN. STAT. § 549.20, subdivision 2 provides the requisite legal basis. In support of her position, Plaintiff cites several cases,[1] while attempting to incorporate an "imputation of knowledge" argument. However, those cases dealt with the type of action (sex discrimination) that is founded upon an employer's failure to act in the face of certain knowledge. However, Plaintiff's motion is limited to the assault and battery Count, which is purely vicarious with respect to Heyde. Plaintiff has not explained, nor can the Court ascertain, the relevancy of imputed knowledge in this instance.

Subdivision 2(a) provides that punitive damages can be properly awarded against a principal, for the wrongful act of an agent, if the principal authorized the doing and the manner of the act. There are no facts alleged that would support an argument under this subdivision.

Subdivision 2(b) provides that punitive damages can be properly awarded against a principal, for the wrongful act of an agent, if a plaintiff can establish that the agent was unfit, and that the principal deliberately disregarded a high probability that the agent was

[1] Giuliani v. Stuar Corp., 512 N.W.2d 589 (Minn. Ct. App. 1994); McNabb v. Cub Foods, 352 N.W.2d 378 (Minn. 1984); Tretter v. Liquipak International, Inc., 356 N.W.2d 713 (Minn. Ct. App. 1984).

unfit. This subdivision, patterned after RESTATEMENT (SECOND) OF TORTS § 909(b), overlaps subdivision 1 in that it applies where the predicate tort is in the nature of negligent hiring or negligent retention. See RESTATEMENT (SECOND) OF TORTS § 909 cmt. b (1977). As noted above, Plaintiff's motion is limited to the assault and battery Count and so; subdivision 2(b) has no logical application.

Subdivision 2(c) provides that punitive damages can be properly awarded if Plaintiff can establish that Mr. Adderley was employed in a managerial capacity. However, having supervisory authority over personnel is not enough. Baufield v. Safelite Glass Corporation, 829 F.Supp. 285, 286 (D. Minn. 1993). It must be shown that Mr. Adderley was a planning-level manager. There are no such facts here and so; Subdivision 2(c) does not provide the requisite connection.

Subdivision 2(d) provides that punitive damages can be properly awarded if Plaintiff can establish that Heyde, or a planning-level manager, ratified or approved of the assault and battery. Ratification can occur either expressly or impliedly. Here, even if it is argued that Mr. Nelson ratified the first assault and battery, there are no facts suggesting that Mr. Nelson was a planning-level manager.

AJB